## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
## EASTERN DIVISION

DEBORAH KAY TYREE and                                        PLAINTIFFS
GEORGE DEWAYNE TYREE


v.                                                  Civil No. 2:26-cv-79-HSO-BWR


ATRIUM MEDICAL CORPORATION,
MAQUET CARDIOVASCULAR, LLC, aka
MAQUET CARDIOVASCULAR US SALES,
LLC, GETINGE USA SALES, LLC, aka
GETINGE AB, JOHN DOES, Inc.1-20,
and JOHN DOES 1-20, Individually                             DEFENDANTS

## ORDER DIRECTING PLAINTIFFS TO FILE AN AMENDED COMPLAINT THAT ADEQUATELY ALLEGES THE CITIZENSHIP OF THE PARTIES

Invoking this Court's diversity jurisdiction under 28 U.S.C. § 1332(a),

Plaintiffs Deborah Kay Tyree and George Dewayne Tyree ("Plaintiffs") brought this

products liability suit, naming as Defendants Atrium Medical Corporation

("Atrium"), Maquet Cardiovascular, LLC, aka Maquet Cardiovascular US Sales,

LLC ("Maquet"), Getinge USA Sales, LLC, aka Getinge AB ("Getinge"), "John Does,

Inc. 1-20," and "John Does 1-20, Individually." *See* Compl. [1] at 2-3.  The Court,

*sua sponte*, considers its subject-matter jurisdiction and concludes that because the

Complaint [1] does not adequately allege diversity of citizenship, Plaintiffs must file

an amended complaint that properly identifies the citizenship of all parties on or

before June 23, 2026.

I. DISCUSSION

A. Relevant Legal Authority

"Because federal courts have limited jurisdiction, parties must make 'clear, distinct, and precise affirmative jurisdictional allegations' in their pleadings." *MidCap Media Fin., L.L.C. v. Pathway Data, Inc.*, 929 F.3d 310, 313 (5th Cir. 2019) (quoting *Getty Oil Corp. v. Ins. Co. of N. Am.*, 841 F.2d 1254, 1259 (5th Cir. 1988)). "To properly allege diversity jurisdiction under § 1332, the parties need to allege complete diversity. That means all persons on one side of the controversy must be citizens of different states than all persons on the other side." *Id.* (cleaned up) (internal quotations and citations omitted). And the amount in controversy must exceed $75,000.00. *See* 28 U.S.C. § 1332(a). Diversity jurisdiction in a suit by or against an artificial entity depends upon the form of the entity. *See Carden v. Arkoma Assocs.*, 494 U.S. 185, 189 (1990). Here, Plaintiffs allege that they are "residents and citizens of the State of Mississippi," Compl. [1] at 1, but they have not adequately alleged Defendants' citizenship.

B. Citizenship of Defendant Atrium

A corporation is "a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business." 28 U.S.C. § 1332(c)(1). Therefore, "allegations regarding the citizenship of a corporation must set out the principal place of business of the corporation as well as the state of its incorporation." *MidCap Media Fin., L.L.C.*, 929 F.3d at 314 (quoting *Neeley v. Bankers Tr. Co. of Tex.*, 757 F.2d 621, 634 n.18 (5th Cir. 1985)). A

corporation's principal place of business "is best read as referring to the place where a corporation's officers direct, control and coordinate the corporation's activities," in other words, the "nerve center, usually its main headquarters." *Hertz Corp. v. Friend*, 559 U.S. 77, 92, 93 (2010).

The Complaint [1] alleges that Atrium "is/was incorporated under the laws of Delaware," and "Atrium's manufacturing and support facilities were located" in Hudson, New Hampshire.  Compl. [1] at 2.  But a place of manufacturing, alone, is not synonymous with a principal place of business; a corporation's principal place of business "is a single place," *see Hertz Corp.*, 559 U.S. at 93, yet a corporation might have many manufacturing locations.  Plaintiffs must file an amended complaint identifying Atrium's place of incorporation and principal place of business.

C.      Citizenship of Defendant Maquet

To properly allege the citizenship of a limited liability company, the "party seeking to establish diversity jurisdiction must specifically allege the citizenship of every member of every LLC or partnership involved in a litigation." *Settlement Funding, L.L.C. v. Rapid Settlements, Ltd.*, 851 F.3d 530, 536 (5th Cir. 2017).  This requires "identify[ing]" each member of the limited liability company.  *MidCap Media Fin., L.L.C.*, 929 F.3d at 314.  If a member is itself a limited liability company or another type of entity, Plaintiffs must trace that member's citizenship "down the various organizational layers where necessary." *Mullins v. TestAmerica, Inc.*, 564 F.3d 386, 397 (5th Cir. 2009) (determining the citizenship of a partnership by applying the appropriate citizenship test for each of its partners, which included

"16 individuals, 6 corporations, 3 trusts, 4 general partnerships, a limited partnership, and a limited liability company").

The Complaint [1] alleges that Maquet is "a limited liability company organized under the laws of New Jersey" with a principal place of business in New Jersey, and "Atrium has operated within, and as a business unit of, Maquet, who is affiliated with and/or a subsidiary of Getinge[.]"  Compl. [1] at 2.  The Complaint [1] does not identify Maquet's membership composition, nor does it specifically allege the citizenship of each member.  Plaintiffs must file an amended complaint that identifies each member of Maquet and their respective citizenship.  *See MidCap Media Fin., L.L.C.*, 929 F.3d at 314

D.    Citizenship of Defendant Getinge

Plaintiffs allege that "Getinge USA Sales, LLC, aka Getinge AB" is "a Swedish corporation, organized under the laws of Sweden with its principal place of business in Sweden."  Compl. [1] at 2.  According to the Complaint [1], Defendant Maquet is a "wholly-owned subsidiary of Getinge," and "Getinge USA Sales, LLC is believed to have its principal place of business" in New Jersey.  *Id.*

There are at least two problems with Plaintiffs' allegations.  First, the Complaint [1] states that "Getinge USA Sales, LLC" is a "Swedish Corporation."  *Id.* But corporations and LLCs are distinct entities; Getinge is either an LLC, or it is a corporation, but it is not both.  And if Getinge is an LLC, the Complaint [1] does not adequately allege its composition or the citizenship of its members.  *See Settlement Funding, L.L.C*, 851 F.3d at 536.  Second, the Complaint [1] first states Getinge is a

"Swedish corporation, organized under the laws of Sweden with its principal place of business in Sweden," before stating that "Getinge USA Sales, LLC is believed to have its principal place of business" in New Jersey.  *Id.*  But if Getinge is a corporation, it cannot have more than one principal place of business.  *See Hertz Corp.*, 559 U.S. at 93.  The amended complaint must affirmatively identify what type of entity Getinge is and then comply with the relevant citizenship requirements.

E.   Citizenship of John Doe Defendants

Because "the burden of establishing federal jurisdiction rests on the party seeking the federal forum," *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir. 2001), merely alleging that there may be unknown individuals—that is, John or Jane Does—who may have also contributed to Plaintiffs' damages is insufficient to allege complete diversity of parties under § 1332, *see Jones Motor Grp., Inc. v. Hotard*, No. CV 14-2739, 2015 WL 13532587, at *2 (E.D. La. Mar. 5, 2015) (holding that allegations of diversity of citizenship that were "entirely devoid of information regarding the citizenship of ABC Insurance Company and the John Does" were insufficient to support diversity jurisdiction) (internal quotation marks omitted).

Under 28 U.S.C. § 1441(b), "[i]n determining whether a civil action is removable on the basis of the jurisdiction under section 1332(a) of this title, the citizenship of defendants sued under fictitious names shall be disregarded."  28 U.S.C. § 1441(b).  But when a case is originally filed in federal court, § 1441(b) does not apply.  *See id.*  Instead, where a complaint originally filed in federal court based

5

upon diversity jurisdiction names fictitious defendants, it must allege facts indicating whether such defendants are of diverse citizenship.  *See Richard v. Doe*, 638 F. App'x 409, 410 (5th Cir. 2016) (per curiam).

Here, Plaintiffs name "John Does, Inc. 1-20" and "John Does 1-20, Individually," but do not allege any "facts which indicate that the John Does are of diverse citizenship."  *3H202, LLC v. Phlight Pharma, LLC*, No. 1:20-cv-241-HSO-JCG, 2020 WL 4803263, at *2 (S.D. Miss. Aug. 18, 2020).  Plaintiffs must file an amended complaint addressing this issue by either omitting these Defendants or alleging their state of citizenship.  *See Getty Oil Corp.*, 841 F.2d at 1258.

## II.  CONCLUSION

**IT IS, THEREFORE, ORDERED** that, on or before **June 23, 2026**, Plaintiffs Deborah Kay Tyree and George Dewayne Tyree must file an amended complaint that cures the pleading deficiencies addressed in this Order.  Plaintiffs are **CAUTIONED** that failure to do so may result in this lawsuit being dismissed without prejudice for lack of subject-matter jurisdiction, and without further notice.

**SO ORDERED**, this the 9th day of June, 2026.

*s/ Halil Suleyman Ozerden*
HALIL SULEYMAN OZERDEN
CHIEF UNITED STATES DISTRICT JUDGE